# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| MARY E. WILSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-06-270-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks an award of attorney's fees and costs in the aggregate amount of $4,541.20 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 20]. The Plaintiff also seeks an order of the Court stating that the Plaintiff's attorney has an equitable interest in the EAJA fees and has a lien with priority over any attempt by the government to offset the fees to settle a federal debt. The Commissioner indicates that he has no objection to an award of $4,541.20 to the Plaintiff, but he *does* object to the imposition of any lien claims against the government.

The Plaintiff does not contend that any fees and costs awarded under the EAJA belong to her attorney. Such a contention is clearly precluded by *Manning v. Astrue,* 510 F.3d 1246 (10th Cir. 2007), wherein the Tenth Circuit determined that "the prevailing party, who

incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees. " *Id.* at 1249-50. But the *Manning* court left open any issue regarding the impact of attorney's liens on an EAJA award: "[W]e do not address any issue concerning an attorney's lien. Specifically, we decline to address whether an attorney's lien attached to the award of attorney's fees; if a lien attached, how that lien attached; how to enforce an attached attorney's lien; how to collect on the attorney's lien; or whether a lien would have priority." *Id.* at 1249. The Plaintiff thus claims that her attorney has a lien on her EAJA award and that such a lien has priority over the government's right of offset under 31 U.S.C. § 3716.

Unlike the *Manning* case, however, there is no indication here that the Plaintiff owes the government any debt against which his EAJA award may be offset. Thus, any determination by the Court as to the priority of an attorney's lien *vis à vis* the government's right of offset would be advisory only, and the Court therefore declines to address the issue. *See, e. g., Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"), *citing North Carolina v. Rice,* 404 U.S. 244, 246 (1971), *quoting Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937).

Accordingly, Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 20] is hereby

GRANTED insofar as it seeks an award of attorney's fees and costs to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded attorney's fees in the amount of $4191.20 and costs in the amount of $350.00. Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 20] is otherwise DENIED.

**IT IS SO ORDERED** this 18th day of June, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**